## UNITED STATES v. NICHOLS.
### No. 3282.

Circuit Court of Appeals, First Circuit.
Oct. 22, 1937.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Attorney General, on the brief), for the United States.

Philip Nichols, of Boston, Mass., for appellee.

Before BINGHAM, WILSON and MORTON, Circuit Judges.

PER CURIAM.

The only point relied upon and presented for our consideration at the argument of this case was whether section 803(a) of the Revenue Act of 1932 (26 U.S.C.A. § 411(c) amending section 302(c) of the Revenue Act of 1926 was constitutional if applied retroactively to the irrevocable trust here in question, executed in the year 1930, the creator of the trust having died subsequent to the effective date of the Revenue Act of 1932.

We regard the question as concluded by our decision of June 1, 1937, in Welch v. Hassett, 90 F.(2d) 833. We there said (page 840):

"The defendant's contention that these statutes can have a retroactive effect where there has been an irrevocable transfer of the decedent's interest during his lifetime, even though he reserves the income of the property so conveyed, cannot prevail in view of the decisions of the Supreme Court above cited, together with Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S. Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, and Helvering v. City Bank Farmers' Trust Co., supra [296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62]. If doubt exists as to the construction of these statutes, it should be resolved in favor of the taxpayer. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211."

The judgment of the District Court is affirmed.