JOHN PARROTT, JR., ET AL., EXECUTORS, ESTATE OF MARY EMILIE PARROTT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7947.   Promulgated May 27, 1927.

1. Where two persons own a parcel of real estate, each owning an undivided half interest therein and said property is encumbered by a mortgage given to secure an indebtedness, on which said persons are jointly and severally liable, and one of the persons dies and thereafter a claim for the entire amount of the unpaid indebtedness filed against the estate of the deceased is approved and allowed by the court, the executors may in the estate-tax return claim deduction for the entire amount of the said indebtedness, but the value of the claim of the estate against the other joint mortgagor is to be included in the value of the gross estate.

2. Where one person dies and his estate pays the estate tax and the said estate or property is bequeathed or devised to another, who afterwards dies and whose estate is exempt from the estate tax, and the person who then receives or inherits said property or estate, later dies, all deaths being within five years, the latter's estate can not legally exclude the amount of the value of such estate inherited, by reason of the fact that the estate of the first decedent (who was the father of the second and the husband of the last decedent) paid the estate tax on said property, the first decedent not being the prior decedent contemplated by section 403 (a) (2) of the Revenue Act of 1921, nor the person from whom the last decedent's estate was inherited.

*Henry J. Richardson, Esq.*, for the petitioners.
*John F. Greaney, Esq.*, for the respondent.

The Commissioner determined a deficiency in estate tax under the Revenue Act of 1921 of $46,643.41 as a result of his refusal to allow as a deduction from the value of the gross estate of the decedent $130,000, representing a portion of a mortgage note of $260,000 on property in which the interests of the decedent had been included in the value of the gross estate, and his failure to allow as a deduction from the value of the gross estate the amount of $120,267.54 alleged by the executors to represent the value of property forming a part of the gross estate of two persons who died within five years prior to the death of the decedent, and which property was received by the decedent by inheritance. The executors claim that the full amount of the estate tax was paid within five years by the estate of the decedent twice removed from whom it is claimed that Mary Emilie Parrott received the property by inheritance.

### FINDINGS OF FACT.

Petitioners are executors of the estate of Mary Emilie Parrott, deceased, and are residents of San Mateo County, California.

Mary Emilie Parrott died a resident of the United States of America, on March 1, 1922. At the date of her death she was the owner of an undivided one-half interest in certain real estate in San Francisco, Calif., the value of such interest being computed and included in her gross estate at $315,750. At the date of her death, this property was subject to a mortgage in the sum of $260,000, held by the Hibernia Savings & Loan Society, the mortgagee, the mortgage being originally in the sum of $340,000, given to secure a note for a like amount, both the mortgage and the note being executed December 30, 1920. The note was the joint and several obligation signed by Mary Emilie Parrott and Joseph A. Donohoe, due one year after its date. The records of the Superior Court of the County of San Mateo, California, show that the aforesaid claim of $260,000 in favor of the Hibernia Savings & Loan Society was sworn to by the president of the society, filed as a claim against the estate of Mary Emilie Parrott, was endorsed approved by the executors of the estate, and approved and allowed in the sum of $260,000 by the judge of the court, September 26, 1922.

The amount of $260,000 of the mortgage note had not been paid at the time of the death of Mary Emilie Parrott.

John Parrott, 2nd, husband of Mary Emilie Parrott, died January 2, 1918, and included in his gross estate and forming a part thereof was personal property situated in the United States valued at $120,267.54, which passed in the first instance to his administrators as a bequest to, or inheritance of, his son, Edmund A. Parrott.

Edmund A. Parrott died intestate, being killed in action while in the military service of the United States, on September 26, 1918.

The records of the Superior Court of San Mateo County, California, show in the matter of the estate of Edmund A. Parrott, deceased, that one John Parrott died January 21, 1918, and that Edmund A. Parrott died September 26, 1918, and that between said dates no decree of either partial or final distribution was made and entered in the said estate of the said John Parrott and according to said records, no distribution of any portion of the estate of the said John Parrott was formally made to the said Edmund Parrott prior to the latter's death.

Under the laws of succession of the State of California, the entire property of Edmund A. Parrott passed to Mary Emilie Parrott, mother of Edmund A. Parrott and widow of John Parrott, 2nd, as an inheritance.

An estate tax under the Revenue Act of 1918 was paid by the estate of John Parrott, 2nd, and the aforesaid amount of $120,267.54 is the value of said property placed by the Commissioner on the property for that purpose, and no portion of the same was deducted under any provision of law.

The estate of Edmund A. Parrott was exempted from estate tax by reason of his having been killed in action while in the service of the United States Army.

OPINION.

LITTLETON: At the date of the death of Mary Emilie Parrott, she was the owner of an undivided one-half interest in certain real estate in San Francisco, Calif., which interest was included in her gross estate at the value of $315,750, the other half interest in said property being owned by her brother, Joseph A. Donohoe. At the time of her death, this property was encumbered by a mortgage to the Hibernia Savings & Loan Society, on which there was a balance due of $260,000. The mortgage had theretofore been given by Mary Emilie Parrott and her brother, Joseph A. Donohoe, as security for the payment of their joint promissory note.

In the return filed by the executors of the estate of Mary Emilie Parrott, the whole $260,000 was claimed as a deduction, the Commissioner allowing as a deduction only $130,000 as representing the decedent's half of aforesaid liability, disallowing $130,000 representing Joseph A. Donohoe's half of said liability, and because of such action petitioners assign error.

The obligation was a joint and several one and Mary Emilie Parrott's estate was liable for payment of the same and the mortgagee was within its rights in electing to file its claim against the

estate and proceeding against it and not against Joseph A. Donohoe at all. Such action was taken and the claim was approved and paid by the court. The executors were thereupon subrogated to the rights of the mortgagee, and could immediately proceed against Joseph A. Donohoe for reimbursement to the extent of one-half of said liability to the mortgagee, or $130,000. Such claim for reimbursement was an asset of the estate of Mary Emilie Parrott under the provisions of section 402 of the Revenue Act of 1921 and there is no evidence that as such it was not of the value of $130,000 and collectible. At the time of her death, Mary Emilie Parrott had an equal interest with Joseph A. Donohoe in the property mortgaged and the value of this one-half interest formed a part of her estate, subject to the tax, and her interest was such that she during her lifetime, or her executors after her death, would have the right to reimbursement for any payment she or they might be forced to make in payment of Joseph A. Donohoe's liability to the extent of the $130,000, or one-half of their joint liability. This asset of the estate of the decedent was subject to the payment of charges against the estate, the expenses of administration, and was subject to distribution as a part of the estate.

Section 402 of the Revenue Act of 1921 provides as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

We can not agree with the contention of the executors that the claim of the estate of the decedent of the value of $130,000 of Joseph A. Donohoe, through subrogation to the rights of the mortgagee, did not constitute a part of the gross estate because the decedent did not during her lifetime discharge the obligation of her co-maker on the note.

The fact that the $260,000 mortgage indebtedness was not paid by Mary Emilie Parrott before her death and that she at that time did not then actually hold the claim against Joseph A. Donohoe for reimbursement of one-half the amount, makes no difference, because at the time of her death she had an equitable interest in the property mortgaged and her legal rights, by virtue of her joint liability with Joseph A. Donohoe to the mortgagee, were such as to form part of her estate at the time of her death. Such interests after her death existed in favor of her executors and in contemplation of law relate back to the date of her death. The interest in property to which the statute in section 402 (a) refers is not limited to the decedent's

proprietary interest therein. The statute says nothing about the decedent's interest as owner but, on the contrary, expressly refers to an interest which, after his death, " is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate." The interest in property which the decedent at the time of her death had with respect to the matter under consideration was that interest which gave her the right to be reimbursed for any payment which she should make as a co-mortgagor and as co-maker of the promissory note in settlement of Joseph A. Donohoe's liability thereon. Such payment, though made by her executors after her death, related back in contemplation of law to the time of her death. It will thus be seen that it is immaterial that the decedent did not at the time of her death own the claim against Joseph A. Donohoe, for if her interest therein is such that it forms a part of her estate after her death it falls within the purview of the statute as an interest at the time of her death and the value thereof constitutes a part of the gross estate subject to the tax.

It may be observed that generally acts imposing death duties are not so circumscribed as to omit property subject to administration and it is hardly conceivable that it was intended to introduce in the Federal estate tax statute an innovation in this direction with the result that the claim which the estate had against Joseph A. Donohoe for $130,000, which grew out of the note secured by a mortgage executed by the decedent as co-maker and which is applicable to the payment of charges against her estate and to the expenses of its administration and to the distribution as a part of her estate, should not be included in her gross estate at its full value of $130,000.

Whether the entire amount of $260,000 is deducted as a claim against the estate, and the claim against Joseph A. Donohoe for reimbursement included in the value of her gross estate, or whether one-half of the $260,000 is allowed as a deduction, as the Commissioner did, the result would be the same, whichever course is pursued, and the action of the Commissioner is affirmed.

The Statute of Wills of California provides:

*When devises and bequests vest.*—Testamentary dispositions including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death. (Section 1341, Civil Code of California, Deering, 1915.)

The succession statute of California provides:

*Intestate's estate, to whom passes.*—The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court, for the purposes of administration. (Section 1384, Civil Code of California, Deering, 1915.)

Under the California statutes and the facts of this case, there can be no question but that the property of John Parrott, 2nd, upon his death and under his will, vested in his son, Edmund A. Parrott, and that upon Edmund A. Parrott's death, his property was inherited by and vested in his mother, Mary Emilie Parrott. The executors of Mary Emilie Parrott's estate claimed as a deduction from her gross estate the amount of $120,267.54 as representing the value of property previously taxed, i. e., the property which Mary Emilie Parrott inherited from her son Edmund A. Parrott, and in determining the deficiency the Commissioner disallowed the whole of this deduction.

The pertinent provisions of the 1921 Revenue Act relative to this matter are the following:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\*        \*        \*        \*        \*        \*        \*

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance  \*  \*  \*:  *Provided,* That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section.  \*  \*  \*

Petitioners contend that the deduction of $120,267.54 claimed is allowable because the deaths of John Parrott and his wife Mary were within five years of one another; that the estate of John Parrott, 2nd, paid the tax and the property on which same was paid passed to Edmund A. Parrott by will of his father, the said John Parrott, 2nd; that upon the death of Edmund A. Parrott, who was killed while in action in the Army of the United States, between the dates of the deaths of his father and mother, the same property became a part of the estate of his mother and was by the Commissioner again held liable for estate tax, it being exempt from such tax under the Federal estate tax law when Edmund A. Parrott died by reason of his having been killed in action while in service of the United States Army; and, that such property was therefore exempt from such tax as the property of his mother, Mary Emilie Parrott, when she died, because within five years of decedent's death, the tax thereon had been paid when John Parrott, 2nd, her hus-

band died. Finally, it is contended that the property was received by Mary Emilie Parrott from her husband John Parrott, 2nd, by inheritance, not "immediate" but "mediate," through her son Edmund A. Parrott, and that the requirements of section 403 (a) (2) of the Revenue Act of 1921 are therefore met, it being the purpose of the law not to tax the transfer of the same property more than once within a period of five years.

Counsel for petitioner quotes in his brief from the Report of the Committee on Ways and Means on the Revenue Act of 1918 to show the purpose of the passage of that Act and the section thereof touching this subject, and if this Board were considering or construing that section of that Act, it would be more disposed to agree with the contention of petitioners, but it is under the Act of 1921 that this question arises and the Board must construe that Act and not the 1918 Act. The provisions on the same subject in the two acts are not the same and it is not thought a proper construction of section 403 (a) (2) of the 1921 Act heretofore quoted would authorize the deduction claimed by petitioners.

Section 403 (a) (2) of the Revenue Act of 1918 provides:

An amount equal to the value at the time of the decedent's death of any property, real, personal, or mixed, which can be identified as having been received by the decedent as a share in the estate of any person who died within five years prior to the death of the decedent, or which can be identified as having been acquired by the decedent in exchange for property so received, if an estate tax under the Revenue Act of 1917 or under this Act was collected from such estate, and if such property is included in the decedent's gross estate.

The same section, 403 (a) (2), of the Revenue Act of 1921 has been quoted.

The difference in the wording of the two acts is apparent.

The deduction allowed under the 1921 Revenue Act is not simply (we quote the 1918 Act) "an amount equal to the value at the time of the decedent's death of any property, real, personal, or mixed, which can be identified as having been received by the decedent *as a share in the estate of any person who died within five years prior to the death of the decedent*, or which can be identified as having been acquired by the decedent in exchange for property so received, if an estate tax under the Revenue Act of 1917 or under this Act [1918] was collected from such estate, and if such property is included in the decedent's gross estate," but such amount or value of property so deducted must be of property received by the decedent from *such prior* decedent by gift, bequest, devise or *inheritance*.

There is in this case no dispute about the fact that Mary Emilie Parrott received the property owned by Edmund A. Parrott, but petitioners insist that she received it by "inheritance" from her

husband, John Parrott, 2nd, it passing through her son Edmund A. Parrott to her; that the term "inheritance" is broad enough to bear such construction and that the 1921 Act does not say "immediate" prior decedent. The wording of the Act of 1921 will not, in the opinion of the Board, warrant the construction sought to be placed upon it by petitioners. Section 403 (a) (2) of the Revenue Act of 1921 is unambiguous and the language thereof should be given its natural meaning.

The act of 1918 refers broadly to "any property, real, personal or mixed, which can be identified as having been received by the decedent as a *share* in the estate of *any* person who died within five years.

Apparently it does not matter under the 1918 Act how the property is received by the decedent, nor from whom—nothing is said as to "inheritance" nor to receiving it from the "*prior* decedent" but if the decedent had a "share in the estate of any person who died within five years prior to the death of the decedent" and an estate tax had been paid on same within five years and such property is included in the decedent's gross estate, deduction as to same would be allowed.

The Act of 1921 uses the terms, "received by the decedent from such *prior* decedent [not decedents] by gift, bequest, device or *inheritance*," the purpose evidently being to allow a deduction only on the amount or value of the prior decedent's estate when the tax had been already once paid and when such value was included in the decedent's gross estate.

We think under the 1921 Act it was intended to let only one transfer of an estate escape the tax and that was the estate of the "*prior* decedent" when included in the decedent's gross estate and on which the tax had been previously paid and the estate or property was acquired by the decedent from the *prior* decedent by gift, bequest, devise or inheritance.

The Edmund A. Parrott estate paid no tax, being exempt because of his army service and death as stated. His mother acquired his estate or interest by inheritance from him and not by inheritance from his father, John Parrott, 2nd, as insisted by petitioners. The "*prior* decedent" was Edmund A. Parrott. The said estate or its value as the property of the Estate of Mary Emilie Parrott is not again entitled to exemption.

The Board is of the opinion therefore that the result reached by the Commissioner was correct and his action in disallowing the deductions claimed is accordingly affirmed.

*Judgment will be entered for the respondent.*