ISABELLA N. SKINKER AND BERTHA R. SKINKER, EXECUTRICES, ESTATE OF THOMAS K. SKINKER, AND ISABELLA N. SKINKER, BERTHA R. SKINKER, JANE N. MATTHEWS, CHARLES R. SKINKER, AND THE TRUST COMPANY OF ST. LOUIS COUNTY, TRUSTEE FOR CAROLINE F. RULON-MILLER SKINKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11155. Promulgated October 9, 1928.

*Louis Kawin, Esq.,* and *S. L. Swartz, Esq.,* for the petitioners.
*James A. O'Callaghan, Esq.,* for the respondent.

848

SIEFKIN: The questions to be decided are: (1) Whether the respondent erred in including in the gross estate of the decedent, the value of $9,222.73 for four contingent claims for refund; and (2) whether the respondent erred in refusing to allow as a deduction from the gross estate, the amount of $12,433.27, paid by the estate of the decedent to the State of Missouri under the Missouri Inheritance Tax Law.

Section 402 of the Revenue Act of 1921 provides:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

At the time of the death of the decedent no money had been paid nor was any owing to him under the various refunding agreements. In one of the agreements it was provided that no refunds should be made after January 1, 1928. Enforcement of claims for refund was contingent upon the application for and use of gas and water by customers residing upon the development which was improved by the decedent. At the time of the decedent's death it would have been impossible to determine what value, if any, attached to such contingent claims. We must hold that the respondent erred in including such claims in the gross estate at a greater value than $1 each, the value placed upon them by the petitioner.

Section 403 of the Revenue Act of 1921 provides:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwrecks, or other casualty, or from theft,

when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, *but not including* any income taxes upon income received after the death of the decedent, or *any estate, succession legacy or inheritance taxes.* (Italics supplied.)

The petitioners contend that the sum of $12,433.27, the amount paid to the State of Missouri under the provisions of the Missouri Inheritance Tax Law, is properly deductible from the value of the gross estate for the purpose of determining the value of the net estate, because (1) said sum was not a tax, nor was it even a part of the estate which passed to the heirs or legatees, or (2) this amount was a " claim against the estate " under the laws of the State of Missouri.

In support of the first proposition the petitioner cites the case of the *State, ex rel. McClintock* v. *Guinotte*, 275 Mo. 298; 204 S. W. 806, in which the Supreme Court of Missouri held that the so-called Missouri inheritance tax law is not referable to the taxing power at all but is referable to the power of the State to say what becomes of the property of a person when death forecloses his right to control it.

In *Knowlton* v. *Moore*, 178 U. S. 41, the Supreme Court in discussing death duties, stated:

* * * Although different modes of assessing such duties prevail, and although they have different accidental names, such as probate duties, stamp duties, taxes on the transaction, or the act of passing of an estate or a succession, legacy taxes, estate taxes or privilege taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principal that death is the generating source from which the particular taxing power takes its being and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested.

We are, therefore, of the opinion that whether or not the amount paid to the State of Missouri was a tax, it was a part of the gross estate of the decedent within the meaning of the Revenue Act of 1921.

We then turn to the consideration of the question as to whether the amount so paid is deductible as a claim against the estate.

In the case of *Hill* v. *Grissom*, 299 Fed. 641, the court said:

It is conceded that the sole question presented upon the pleadings is whether, under the provisions of section 403 of the Revenue Act of 1918 (40 Stat. 1057, Comp. St. Ann. Supp. 1919, § 6336 3/4d), the tax paid by the plaintiffs on the value of the personal estate of their testator to the city and county of Durham for the year 1921, required by the Revenue Law of North Carolina, of 1921, as of May 1, 1921, may be deducted from the appraised value of the estate made as provided by the Revenue Act of 1918. This question is narrowed to the question whether such tax comes within the meaning of the words " administration expenses or claims against the estate." The defendant contends that the ad valorem tax assessed against the property of the testator in the possession

of the executors as of May 1, 1921, did not constitute "a claim against the estate," the testator having died March 7, 1921, and the value of the estate, as the basis for assessing the "estate tax," being fixed as of that date, from which certain specified deductions may be made.

\* \* \* \* \* \* \*

It would seem clear that the ad valorem tax paid by the executors to the county and city of Durham do not come within the term "administration expenses," nor are such taxes claims against the estate, at the date of the death of the testator, prior to the date at which such taxes are assessed and levied. Claims against the estate, as defined by a number of cases cited by counsel for defendant, are such demands or claims of a pecuniary nature which could have been enforced against the decedent during his life.

While not conclusive upon the court, the construction put upon federal statutes by the departments having their administration in charge, by making regulations "adopted for their administration" have the force and effect of law, if they be not in conflict with express statutory provisions. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342, 40 Sup. Ct. 155, 64, L. Ed. 297, "articles 45. Regulation 37 of 1921, regarding deductions, is persuasive." "Claims against the estate. The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether matured or not. Other obligations are not deductible. Only such claims as are actually enforceable against the estate may be deducted."

Following the reasoning in the above cited case to the effect that a claim against the estate is a demand or claim of a pecuniary nature which could have been enforced against the decedent during his life, we are of the opinion that the amount of $12,433.27 paid to the State of Missouri, whether or not it was a tax, is not deductible as a claim against the estate, since the liability therefor did not arise until the time of the death of the testator.

*Judgment will be entered under Rule 50.*