JOHN JACOBS AND PER LEE HUNT, EXECUTORS OF THE WILL OF CARRIE JACOBS BROWN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76478. Promulgated May 19, 1936.

*David B. Day, Esq.,* and *H. A. Mihills, C. P. A.,* for the petitioner.
*W. F. Gibbs, Esq.,* and *B. D. Daniels, Esq.,* for the respondent.

OPINION.

ARUNDELL: This proceeding was instituted to test the correctness of the Commissioner's determination of a deficiency in Federal estate taxes in the amount of $99,734.23. Two questions are raised in the

petition: (1) the fair market value of various securities as of the date of decedent's death, and (2) the deductibility of an item of $385,518.21 covering an assessment for omitted local taxes for the years 1926 to 1930, inclusive, which was made by the county auditor of Stark County, Ohio. The parties have reached an agreement as to the fair market value of the securities of the estate, which is to accept the values determined by the Commissioner, reduced, however, in the total sum of $46,057.50 as more particularly shown in an exhibit filed by the parties. The adjustment made necessary by this agreement will be given effect under Rule 50. There remains for decision the matter of the deductibility of the item of $385,518.21. The parties have stipulated the facts relating to this issue and have called attention to the various provisions of the Ohio law bearing thereon.

The decedent died on April 7, 1931, in the city of Massillon, Stark County, Ohio. On April 11, 1931, the present executors qualified and were appointed, and on April 6, 1932, they filed with the collector of internal revenue for the eighteenth district of Ohio the required Federal estate tax return. In computing the net estate of decedent on the return there was claimed as a deduction under "Debts of Decedent" an item of $385,518.21, described as "Assessment for alleged omitted taxes for the years 1926 to 1930, inclusive." The deduction as claimed was disallowed by the Commissioner in computing the net estate of the decedent. The item in question relates to personal property taxes and penalties assessed by the auditor of Stark County, Ohio, on December 19, 1931, and on the same day certified by him to the county treasurer of Stark County for collection.

It appears that upon the death of the decedent it came to the attention of the county auditor that decedent was in her lifetime possessed of a large amount of personal property on which she had not been paying the personal property tax imposed by the state. The auditor thereupon, on June 20, 1931, made an assessment in the sum of $785,040, covering the years 1921 to 1930, and certified this assessment to the county treasurer for collection. This assessment was made under section 5398 of the Tax Laws of Ohio of 1929. When notice of this assessment was brought to the attention of counsel for the executors, objections were entered on the ground that the assessment was illegal and void since it was made without notice to the legal representatives of the estate and without giving them an opportunity to be heard. Objection was also made to the assessment on the ground that it covered years that were clearly outlawed. These objections were sustained and the assessment was canceled.

Shortly after the first assessment the tax laws of Ohio were amended under a law which became effective on June 29, 1931. Pursuant to sections 5398, 5398 (1) and (5) of the act as amended, and

after notice and hearing, the legal representatives of the estate delivered to the auditor of Stark County a true list of taxable personal property, money, credits, and investments of the decedent for the years 1926 to 1930, inclusive, together with the value thereof on the annual tax-listing dates. Accompanying the list was a letter from the executors giving notice that they would avail themselves of the benefits of section 5398, 5398 (1) and (5) of the amended laws, about which we will have more to say later on. On December 19, 1931, the auditor of Stark County, based on the information furnished by the executors, made a determination and assessed the sum of $385,-518.21 of personal property taxes and penalties for the years 1926 to 1930, inclusive, against the estate and the same day certified the assessment to the county treasurer for collection.

On March 25, 1932, the executors filed a tax return with the auditor of Stark County and listed therein all property required by law to be listed for taxation, and thereafter, pursuant to the provisions of law heretofore mentioned, applied to the Tax Commission of Ohio for a certificate of immunity from the collection of all back taxes and penalties, which certificate was on August 30, 1932, issued to petitioners.

It appears that prior to the passage of the Act of June 29, 1931, which very materially reduced the rate of tax on personal property, there had been in existence for a long time a law which carried a tax rate of 2 percent. During the period when this high rate prevailed there grew up in Ohio the practice of returning only a small portion of the personal property actually held by a property owner. In order to get a true list of the holdings of taxpayers the Act of June 29, 1931, provided that upon the making of a full and honest listing of property in 1932 a certificate of immunity would issue which would be a defense against any claim for back taxes, and it was such a certificate which the petitioners in this case received.

It is petitioners' position that the assessment of $385,518.21 constituted a valid claim against the estate of the decedent within the meaning of section 303 (a) (1) of the Revenue Act of 1926 and as such constitutes a proper deduction in determining the value of decedent's net estate. This contention is made although petitioners freely admit that the tax as assessed has not been paid, that no demand for its payment is being made by the State of Ohio, that there is no intention on the part of the estate to pay this assessment, and the estate holds in its hand a certificate of immunity which completely protects it from any demand, in or out of the court.

We agree with the Commissioner in his disallowance of the claimed deduction. Section 303 (a) (1), in allowing as a deduction "such amounts * * * for claims against the estate, * * * as are allowed by the laws of the jurisdiction * * * under which

the estate is being administered * * *" had in mind actual, valid claims. *Jacobs* v. *Commissioner*, 34 Fed. (2d) 233. The very act under which the assessment sought to be deducted was made provided a defense to its collection, and at the same time that the information was furnished by the executors to the auditor of Stark County he was advised that petitioners would avail themselves of section 5398 (1) by making a full and complete disclosure in 1932 and would then seek the certificate of immunity provided for. as a bar against the collection of this very assessment. The purpose of the revenue act in allowing deductions is to see that the tax is imposed on the net estate, which is really what of value passes from the dead to the living. To treat this assessment as a valid claim against the estate is to exalt the form and forget the substance. As said by the court in *Jacobs* v. *Commissioner*, *supra*, "a claim without a claimant was not in the minds or purpose of Congress when the words 'claims against the estate' were written into the revenue statutes * * *. It was, in our opinion, claims presented and allowed or otherwise determined as valid against the estate and actually paid or to be paid that Congress had in mind * * *." The tax laws are interested in practical results and deal with substance. There is not now and never has been a real subsisting valid claim against this estate that the petitioners had any intention of paying or the State of Ohio had any intention of collecting. The argument of petitioners' counsel, while interesting as pure technical discussion, is not persuasive. It is the duty of executors to pay the valid debts and claims against an estate, and if they had recognized this claim and discharged the indebtedness a different question would be presented. The claim is not real, it is a pure fiction. The claimed deduction was properly disallowed by the Commissioner.

*Decision will be entered under Rule 50.*