**SCHIFFMAN et al. v. UNITED STATES.**
No. 45555.

Court of Claims.
Oct. 4, 1943.

Theodore B. Benson, of Washington, D. C., for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst.Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

LITTLETON, Judge.

The essential facts in this case are that the decedent was a large stockholder in the Huntsville Hotel Company which had constructed a large hotel at Huntsville, Alabama. After the hotel was completed in January 1930, the Hotel Company borrowed $320,000 from the Commonwealth Life Insurance Company and gave as security a mortgage on the hotel property and two mortgage notes in the amounts of $275,000 and $45,000, respectively, the payment of which notes was jointly and severally guaranteed by the decedent and others, as stated in finding 3.

The Hotel Company suffered losses in the operation of the hotel and was unable to pay anything on the principal of the $320,000 loan, or to pay the interest thereon. The individual guarantors borrowed and paid $19,200 interest on the loan from July 1930 through January 1935. The Hotel Company gave them its promissory notes for the amount of interest so paid. No interest appears to have been paid after that time until the refinancing arrangement March 15, 1937, hereinafter mentioned. One of the guarantors, R. E. Smith, died, and the Insurance Company, mortgagee, filed a claim against his estate for the indebtedness of the Hotel Company to it, and collected $11,285.90 from the Smith estate. This left $308,714.-10 due on the principal of the debt of the Hotel Company for which with accrued interest the surviving five guarantors were jointly and severally liable to the Insurance Company. Robert L. Schiffman, one of the guarantors, died January 10, 1936. On that date the unpaid principal and interest of the mortgage notes of the Hotel Company to the Commonwealth Life Insurance Company amounted to $314,936.33 after deducting the $11,285.90 collected from the Smith estate, and the value of the hotel property was $175,000. Finding 10. Soon after the death of Schiffman the President and other officials of the Insurance Company went to Huntsville and demanded payment of the mortgage notes in full. Conferences and negotiations for a refinancing of the balance of the mortgage loan and interest were begun and carried on with the results as set forth in findings 11 and 12. At the time of his death, the decedent Schiffman's proportionate share, (one-fifth) of the principal and interest of the mortgage indebtedness of $146,158.56 remaining after deducting $11,285.90 collected from the Smith estate and the value of the hotel building of $175,000, was $29,231.71. Plaintiffs claim that this amount was an allowable deduction and should now be allowed from the gross estate in addition to the other deductions allowed by defendant, in determining the value of the net estate upon which the estate is required by the statute to pay an estate tax under section 301(a) of the Revenue Act of 1926 and section 303(a) (1) of that act as amended by section 403(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts pages 225, 232. In support of their claim to this deduction, plaintiffs argue first, that the measure that Congress has elected to use in section 301(a), supra, for the imposition of the estate tax is the value at death of the net estate transferred and that that which is to be determined as the measure of the tax is the actual value of the net estate so transferred, namely, the actual value of assets of the decedent less bona fide debts of the decedent and claims against him at the time of death as are allowed by the law of the local jurisdiction; second, that a claim against an estate is one allowable in the probate court and the entire amount of such a claim, whether or not actually allowed by the probate court and actually paid by the estate, is deductible from the gross estate; third, that the test, whether a debt of the decedent is deductible in determining the value of the net estate for the purpose of the excise tax upon the transfer by death, is whether the claim or debt, at the time of death is valid

and enforceable against the decedent or his estate; fourth, that it is not important to the deductibility of the debt that it was not formally allowed by the probate court in settlement of the estate; that the settlement of the decedent's debt outside the probate court which resulted in it being withdrawn by the creditor as a claim against the estate, did not affect its enforceability; that it was not reduced or compromised, but the Insurance Company collected in full, and it is immaterial from whom it was collected, since it collected substantially the net amount, for which the decedent was liable at the time of his death, from Elsie Schiffman, the person equitably liable therefor; and fifth, that it is not material to the right of the estate to the deduction of the decedent's proportionate share of the total debt that the $100,000 was paid on the mortgage debt by the beneficiary of the estate rather than by the estate itself.

Under the facts and circumstances of this case, we are of opinion that there has been no overpayment and the estate is not entitled to recover. The measure of the estate tax is not simply the value of assets less liabilities of the decedent at the time of his death. That is only the starting point. What subsequently happens with reference to debts of and claims against the decedent may be important. The statute makes the Estate a separate and distinct taxable entity and deals with it as such. The Estate is the taxpayer and the statute requires it to pay a tax upon the net value of the estate which it receives as a transfer by death, after deducting the amount of bona fide debts and claims "as are allowed by the laws of the jurisdiction * * * under which the estate is being administered," and which it is entitled to keep and distribute to the beneficiaries or trustees according to local law and the terms of the will. That was the net estate which the defendant subjected to the tax in this case. While there may be cases where an estate would be entitled to claim and take a deduction on account of a debt of the decedent where such debt was paid by the beneficiary rather than directly by the estate, Cf. Stone v. White, 301 U.S. 532, 302 U.S. 639, 57 S.Ct. 851, 81 L. Ed. 1265, 82 L.Ed. 497, we do not find this to be such a case. In this case it is not shown that either the estate or the beneficiary ever unconditionally paid or remained liable to the Commonwealth Life Insurance Company for any amount on the decedent's guarantee on the mortgage notes of the Huntsville Hotel Company to the Insurance Company, in connection with which the deduction is claimed.

The decedent had, in addition to other assets, life-insurance policies on his own life in the amount of $150,184.85. These policies were not payable to the estate and appear to have been payable directly to Elsie Schiffman, the widow of decedent. The amount of $110,184.85 of this insurance was subject to the tax as a part of the estate, and the balance of $40,000 was exempt. Upon Schiffman's death, the Commonwealth Insurance Company demanded of all of the interested parties payment in full of the mortgage notes of the Hotel Company, and the accrued interest, and filed a claim therefor with the estate of Schiffman. Schiffman's estate and the other surviving guarantors were solvent and worth their proportionate shares of the indebtedness then due the Insurance Company in excess of the value of the hotel property of $175,000, and the amount previously collected from the Smith estate. After negotiations between the interested parties, a refinancing arrangement was agreed upon and carried out March 15, 1937, as set forth in finding 11. Under this transaction neither the estate nor Elsie Schiffman actually paid out unconditionally any amount on the decedent's guarantee. Elsie Schiffman simply made a loan of $100,000 out of her funds to the Hotel Company, repayment of $80,000 of which, and interest thereon, was guaranteed by others, and for the total loan and the balance thereof of $20,000 she took the note of the Hotel Co., and a second mortgage for $100,000 payable in installments beginning March 15, 1942. It is not claimed that under the circumstances the $20,000 indebtedness of the Hotel Company to Mrs. Schiffman on the total loan was worthless. Certainly she did not consider it so. In any event, that would not make it deductible by the estate since no payment as such was made by or on behalf of the estate on account of the claim made against it by the Insurance Company and later withdrawn.

Plaintiffs cite a number of cases in support of their contentions. We have studied them and find them to be distinguishable on the facts.

Plaintiffs are not entitled to recovery and the petition is dismissed. It is so ordered.