*Decision will be entered under Rule 50.*

ESTATE OF ETHEL M. DUVAL, DECEASED, BY THOMAS M. ROBINSON, JR., AND WESTON SHATTUCK ROBINSON, AS EXECUTORS ᴏF HER LAST WILL AND TESTAMENT, PETITIONERS, *v.* COMMISSIONER ᴏF INTERNAL REVENUE, RESPONDENT.

Docket No. 4731. Promulgated February 2, 1945.

*M. W. Dobrzensky, Esq.,* and *James H. Anglim, Esq.,* for the petitioners.

*Arthur L. Murray, Esq.,* for the respondent.

724

**OPINION.**

Van Fossan, *Judge*:  This case involves an alleged claim for $175,000 against the estate of decedent.  The deduction is sought under section 812 (b) (3) of the Internal Revenue Code prior to its amendment by section 405 of the Revenue Act of 1942.[1]

[1] SEC. 812. NET ESTATE.
For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

    \*       \*       \*       \*       \*       \*       \*

  (b) EXPENSES, LOSSES INDEBTEDNESS, AND TAXES.—Such amounts—

    \*       \*       \*       \*       \*       \*       \*

  (3) for claims against the estate,

    \*       \*       \*       \*       \*       \*       \*

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes.  The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth.  \* \* \*

The cited section allows a deduction for such claims against the estate as are allowed by the laws of the jurisdiction under which the estate is being administered to the extent that they were contracted bona fide and for an adequate consideration in money or money's worth.

The so-called claim grew out of the transactions in which decedent and her sister guaranteed two notes of a corporation, of which decedent was president and the sister was secretary and in which they owned a majority of the stock, the notes being held by a bank. The corporation and the surviving co-guarantor were both solvent and fully able to pay the amount of the claim at all material times. There has been no default on the notes or other event fixing the liability of the guarantor.

The bank's claim for $175,000 was presented to the executors in June 1942 and approved by them July 1, 1942. On March 17, 1943, the bank (owner of the claim) filed a written "consent to distribution" of the estate without payment of the notes, reserving, however, its claim against decedent's co-guarantor. On the same date the bank withdrew its request for special notice of proceedings in the above entitled estate. On April 7, 1943, the claim was approved by the judge of the Superior Court of Alameda County, California. Although the consent to distribution was in the hands of petitioners' attorney at the time, whether or not the court was advised of the action of the bank in filing such a consent to distribution does not appear. We deem this fact to be significant.

On this set of facts petitioners ask us to approve the claim as a deduction from the taxable estate and contend that it is wholly immaterial that the claim will not be paid by the estate. They cite numerous cases in support, all of which we have examined. None of them involves a question of the fact of the existence of a bona fide claim. They involve the question whether a valid existing claim must be paid prior to deduction. Nor does any of them involve a consent to distribution or a waiver of rights, such as are here present. All such cases are distinguishable from the present case.

Not every claim which may be presented and allowed by the probate court will be allowed as a deduction under the cited section. Only claims which are enforceable against the estate may be deducted. *United States* v. *Mitchell*, 74 Fed. (2d) 571.

A claim is an assertion of a right. If there be no assertion of a right or if the right to assert has been relinquished or abandoned, there is no claim. Thus, if in fact there was no claim by the bank actually pending when the court purported to approve the claim, then the court's action was a nullity and without legal effect.

From the tenor of the "consent to distribution," especially its specific reservation of the claim against the co-guarantor, we conclude

that as to petitioners the bank had abandoned its claim and relinquished its right. It follows that the purported approval of the claim by the court was a vain and ineffective action of no legal standing or binding effect. The consequence is that, for Federal tax purposes, there was no valid or bona fide claim outstanding on the part of the bank and no basis for a deduction from the gross estate.

That the approval of the petitioners' contention would lead to absurd ends is readily to be seen if it be assumed that there was a third co-guarantor who had also died and whose estate was pressing a claim identical in all respects with that of petitioners. The same facts would require, under petitioners' contention, that we approve as deductions from the estate two claims of $175,000, neither of which will ever be paid. The statement of such a situation is its own refutation.

The view we take in the instant case makes unnecessary consideration in detail of the several contentions advanced by petitioners. The situation is even stronger for the Government than that before the court in *Buck* v. *Helvering*, 73 Fed. (2d) 760, where the court said:

* * * In view of this peculiar and unusual liability, a liability that in the case of a solvent and going corporation is not at all likely ever to be enforced where in practical effect the stockholders' liability is rather that of surety than that of a primary debtor, although as a matter of law the liability of the stockholder is primary, we hold that the payment by the corporation of its indebtedness should be considered as satisfying the claim against the estate as of the date of the death of the deceased. If the debt of the corporation is paid by the corporation before it is paid by the stockholder, the liability of the stockholder is extinguished. For purposes of appraisement of the estate for the fixing of the Federal estate tax, the stockholders' liability should be considered as a potential claim rather than an actual claim, until it is paid by the estate or it is reasonably certain that it must be paid.

In the present case the liability does not attain the dignity of a potential claim. In point of fact, there is no claim at all. The position of petitioners is much weaker than that present in *Charles H. Lay*, 40 B. T. A. 522, where we said:

Of course, if when decedent died, there had been indebtedness to [the creditor] for money borrowed by the decedent, the. claim would have been deductible in full. Doubtless, the Commissioner would not contend otherwise, but where an estate is liable only as a surety or endorser, it cannot take any deduction because of such liability where the principal has ample assets to pay the indebtedness. Cf. *Buck* v. *Helvering, supra; Parrott* v. *Commissioner.* 30 Fed. (2d) 792.

Upon the facts presented, the respondent's determination is sustained.

*Decision will be entered for the respondent.*