ESTATE OF Charles Fred THEIS, Deceased, Laura Watson and Guy W. Theis, Co-Personal Representatives, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

ESTATE OF Mary L. THEIS, Deceased, Laura Watson and Guy W. Theis, Co-Personal Representatives, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–3598.

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 1985.

---

William G. Davidson, III, Rockville, Md., for petitioners-appellants.

Glenn L. Archer, Jr., Michael L. Paup, Gilbert S. Rothenberg, Beth A. Sabbath, Asst. Attys. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

CLARK, Circuit Judge:

This is an appeal from a decision of the tax court, 81 T.C. 741 (1983), finding that the balances due on certain mortgages were not deductible by the appellants' estates under 26 U.S.C. § 2053. The pertinent facts which were stipulated to are as follows. Mary L. Theis (decedent/wife) died June 29, 1976 in St. Petersburg, Florida. Her husband, Charles Fred Theis (decedent/husband) died April 18, 1977 also in St. Petersburg.

The decedents owned several parcels of real property in Pinellas County, Florida, as tenants by the entirety. On November 8, 1974, the decedents made gifts of remainder interests in two separate parcels of land, Lots 7 and 8, to their children, Laura Jean Watson and Guy William Theis. Laura received the interest in Lot 8 and Guy received the interest in Lot 7. The decedents retained a life estate in each parcel.

A warranty deed was executed on November 8, 1974, granting Laura and her spouse, Ronald W. Watson (hereinafter the Watsons), a remainder interest in Lot 8. On that same day, a warranty deed was executed granting a remainder interest to Guy in Lot 7. Both gifts of remainder interest were reported by the decedents on gift tax returns for the appropriate periods.

On October 2, 1975, a mortgage was executed with respect to Lot 8. The decedents and the Watsons acted as mortgagors. A promissory note was also executed at that time signed only by the Watsons. St. Petersburg Federal Savings and Loan Association acted as mortgagee. The mortgage proceeds were used to construct a second story apartment above an existing building on Lot 8. The apartment has been continuously occupied by the Watsons since its construction.

On December 14, 1976, a mortgage was executed with respect to Lot 7 with decedent/husband, along with Guy and his spouse, acting as mortgagors. First Gulf Beach Bank and Trust Company of St. Petersburg acted as mortgagee. A promissory note for $30,000.00 was also executed at that time, signed by decedent/husband, along with Guy and Guy's spouse. Mrs. Mary L. Theis had died two months previously. Charles F. Theis then owed the entire life estate interest. The decedent/husband received no consideration for signing the note and did so merely to facili-

---

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

tate his son's approval for the loan. The mortgage proceeds were invested in a business owned solely by Guy and his spouse.

Although neither decedents' federal estate tax return included the fair market value of Lots 7 and 8, a deduction was claimed for the balance due on the mortgages. No claim was ever presented against the decedents' estates by either of the mortgagees.

Since the decedents transferred property retaining a life estate therein, the parties agree that the gross estates should be increased by the value of the two parcels. The parties have stipulated that the amount to be included in each estate is $45,000.00, which was determined by taking one-half of the combined values of the properties at the dates of death.

The parties disagree, however, as to the proper treatment of the mortgage debt on each property. Appellants/taxpayers contend that the estates are entitled to deduct the balances due on the mortgages because the mortgages represent valid claims against the estates. Alternatively, appellants contend that the balances due on the mortgages are deductible because they represent unpaid obligations of the estates. The tax court rejected these contentions and we affirm.

Section 2053(a) of the Code, provides that a deduction from the gross estate shall be allowed "for claims against the estate" and "for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate." The taxpayers seek a deduction under this provision for the unpaid balances on the two mortgages placed on the

property in which the decedents retained a life estate. The tax court denied the taxpayers' claimed deduction on the ground that neither the decedents nor their estates would have been called upon to pay the mortgages, and on the further ground that, in any event, the decedents or their estates had a right of set-off against their children for any amounts paid on the indebtedness. We find ourselves in agreement with the tax court principally because the decedents were mere accommodation parties to the notes and mortgages, and therefore, were not entitled to an estate tax deduction because they were not primarily liable for the mortgage indebtedness.[1] There is no evidence that either of the decedents intended to pay any part of either indebtedness or believed that he or she was obligated to do so. The tax court has consistently held that a claim against an estate cannot result in a deduction for estate tax purposes unless the claim is "presented and allowed or otherwise determined as valid against an estate and actually paid or to be paid." *Estate of Courtney v. Commissioner*, 62 T.C. 317, 321 (1974).

The taxpayers, nevertheless, argue that an accommodation party is liable on the instrument to the mortgage or note holder. Reading the mortgage and promissory note documents together, the taxpayers claim that the estates' liability as accommodation parties compelled allowance of an estate tax deduction in this case. However, this argument ignores the fact that decedents' rights as accommodation parties passed to their estates, giving the estates a right of recourse against the children who were primarily liable on the mortgage debt. In this regard, *Commissioner v. Wragg*, 141 F.2d

---

1. In fact, neither the indebtedness on Lot 8 nor the Estate of Mrs. Theis is in any way involved. Neither decedent executed the note which was secured by the mortgage on Lot 8. Thus, the mortgagee's remedy for collection of the note was limited to the security of the land and a claim against Mr. and Mrs. Watson. Title to Lot 8 vested completely in Mr. and Mrs. Watson upon the death of Mr. Theis. No claim could have been asserted against either estate with respect to the Lot 8 mortgage.

Mrs. Theis had expired when the note and mortgage were issued with respect to Lot 7. The only question in the case is whether the personal representatives of the Estate of Charles Fred Theis are entitled to a deduction in determining the amount of the net taxable estate of this decedent in connection with the mortgage on Lot 7.

**984**

638, 640 (1st Cir.1944) is on point where the court held that when "the decedent's right over against the primary obligor was worth its face value, no deduction has been allowed for a secondary liability," unless the estate would ultimately have to bear the loss. *Id.* Thus, because any claim that may be asserted against the estates based upon the mortgages is subject to the estates' right to recourse against the children, who are the primary obligors on the loans, an estate tax deduction in this case is precluded by the fact that there is no valid claim against the estates actually paid or to be paid in the future. Accordingly, the judgment of the tax court is

AFFIRMED.