ESTATE OF FRANCIS BROWNE GRINNELL, STATE STREET TRUST COMPANY AND RUSSELL GRINNELL, ADMINISTRATORS WITH WILL ANNEXED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105092. Promulgated August 28, 1941.

*Samuel H. Batchelder, Esq.*, for the petitioners.
*Martin M. Lore, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner contends that no deduction is proper because the claim was founded upon a promise or agreement for which there was not an adequate and full consideration in money or money's worth. See section 303 (a) and (d) of the Revenue Act of 1926 as amended. He points to a recital in Exhibit B, a part of Exhibit 3 in this proceeding, to the effect that the parties, prior to the divorce decree, had entered into an agreement that the decree should require Francis to pay Elizabeth $1,000 monthly for life in full satisfaction of all rights as alimony or otherwise. The respondent cites cases wherein it was held that claims based upon agreements were not deductible under section 303 (a) and (d). *Estate of Eben B. Phillips*, 36 B. T. A. 752; *Weiser* v. *Commissioner*, 39 B. T. A. 1144; affd., 113 Fed. (2d) 486; *Meyer's Estate* v. *Commissioner*, 110 Fed. (2d) 367; certiorari denied, 310 U. S. 651. The petitioners argue that this claim was not based upon an agreement and the cases cited are not in point, since they were based upon agreements, not court decrees.

The petitioners contend that the claim of Elizabeth was based upon the decision of a Massachusetts court of competent jurisdiction in the divorce action. Obviously, this was an enforceable claim against the estate allowed by the laws of the jurisdiction. Cf. *Farrington* v. *Boston Safe Deposit & Trust Co.*, 280 Mass. 121, holding that the payments go on after the death of the husband. The record does not show clearly the agreement of the parties prior to the decree. But the claim is not based upon any such agreement. It is based upon the decree. *Edythe C. Young, Executrix*, 39 B. T. A. 230. The judge was required to make his own decision in regard to alimony and was not bound by any agreement of the parties. *Oakes* v. *Oakes*, 266 Mass. 150; *French* v. *McAnarney*, 290 Mass. 544. He ordered the pay-

ments of $1,000 monthly. Since the claim is not based upon an agreement, the question of consideration is immaterial and a deduction is proper. *Edythe C. Young, Executrix, supra; Estate of Silas B. Mason,* 43 B. T. A. 813. Cf. *Estate of George Tuttle Brokaw,* 39 B. T. A. 783; reversed *sub nom. Helvering* v. *United States Trust Co.,* 111 Fed. (2d) 576.

The parties agree that they can settle the question of credit for Massachusetts taxes.

The claim at the date of death of the decedent was a claim for the payment of $1,000 monthly and the respondent states that the later change by agreement was immaterial. He does not contest the computation of the petitioners or the amount claimed except on one ground. He argues that the value or amount of the claim was necessarily indeterminable because it was to continue only so long as Elizabeth lived and remained unmarried, and there was no way of determining how long she would remain unmarried. The payments might continue as long as she lived even though she remarried. There was a valid claim and it entitled the estate to a deduction in some amount. The Commissioner raised doubts. He has allowed, and proposes to allow, nothing. The petitioners, using the Commissioner's own tables, have done what they could to estimate the amount of the claim. Their estimate is the best in the record. The estate is entitled to the deduction in the amount of $156,473.04.

*Decision will be entered under Rule 50.*