**Bertha Jacobi WINER, as Executrix under the Last Will and Testament of Helen Binswanger Jacobi, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

July 9, 1957.

Nathan, Mannheimer, Asche & Winer, New York City, for plaintiff. Norman Winer, New York City, of counsel.

Paul W. Williams, U. S. Atty. for the S. D. of New York, New York City, for defendant. Harold J. Raby, Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

This is a motion by plaintiff for summary judgment. The amended complaint contains two causes of action. There are no disputes of fact. In the first cause of action plaintiff seeks to recover the sum of $2,617.81 which she, as executrix of her mother's estate, paid as part of the estate tax. The estate tax was paid under protest on the ground that a portion of the estate upon which the tax was paid was tax-exempt by reason of an indebtedness owed to her by the estate. There is no question of the existence or the legitimacy of the indebtedness as of the date of the death of plaintiff's mother. The obligations were represented by notes; the monies were loaned by the plaintiff individually to the decedent and were used to purchase stock for the decedent.

The government's defense is wholly statutory. It is the application of these statutes which is involved on this motion. The government disallowed the indebtedness on the three notes as estate tax deductions on the ground that the plaintiff had failed to file a claim for the debt with the Florida Probate Court in accordance with a Florida statute, hereinafter mentioned. Florida was the place of decedent's domicile at the time of her death. Although it is not material to this motion, it appears that the failure to file the claim in the Florida Probate Court was entirely due to plaintiff's inadvertence.

Section 733.16 of the Florida Statutes, F.S.A., is as follows:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said eight months as aforesaid."

The pertinent portion of the United States Internal Revenue Code of 1939 is as follows:

"§ 812.  *Net estate*

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

"*(a)  Exemption.*  An exemption of $100,000;

"*(b)  Expenses, losses, indebtedness, and taxes.*  Such amounts—

"(1)  for funeral expenses,

"(2)  for administration expenses,

"(3)  for claims against the estate, and

"(4)  for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

*as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered,* but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. \* \* \*" 26 U. S.C.A. § 812. *(Emphasis supplied.)*

The plaintiff contends that the words "are allowed" relate solely to the time of decedent's death. The government contends that the words "are allowed" are to be construed to mean that the claim must be ultimately allowed by the court where the probate proceedings take place.

There is no doubt that the Florida statute is unique, it appearing that only Florida has such a law. Plaintiff retained both New York and Florida counsel in connection with the probate proceedings. The Florida counsel did not know the facts and the New York counsel did not know the Florida law. Consequently, plaintiff is unable to collect on the indebtedness against her mother's estate. She does not profit thereby since she does not take anything under the will. In filing the estate tax return the plaintiff did not elect to have the value of the gross estate determined within one year after the decedent's death as provided in Section 811(j) of the 1939 Code, as amended, 26 U.S.C.A. § 811(j). Consequently, the value of the decedent's estate was determined as of the date of her death.

Federal Tax Regulations, 1956, Part 81, Section 81.36 is in part as follows:

"§ *81.36 Claims against the estate*

"The amounts that may be deducted under this section are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon which had accrued at the time of death. Only interest accrued at the date of the decedent's death is allow-able even though the executor, in accordance with the provisions of section 811(j) of the Internal Revenue Code, elects to have the gross estate valued as of a date or dates subsequent to the decedent's death. Only claims *enforceable* against the decedent's estate may be deducted. \* \* \*" *(Emphasis supplied.)*

It is worth noting that the aforesaid regulation states that "Only claims *enforceable* against the decedent's estate may be deducted." It does not say "Only claims *enforced* against the decedent's estate" are subject to deduction.

In Smyth v. Erickson, 9 Cir., 1955, 221 F.2d 1, the court said:

"\* \* \* The use of the term 'allowed' in section 812(b) (3) is not to be construed as meaning that unless a claim against the estate has been allowed by the state court no deduction therefor will be permitted. Deductibility is not conditioned on a claim's allowance by a local court, but rather upon its enforceability under local law. Buck v. Helvering, 9 Cir., 73 F.2d 760; Commissioner of Internal Revenue v. Strauss, 7 Cir., 77 F.2d 401. Since the estate of the decedent was administered in the State of California, deductibility of the $75,000.00 depends upon whether a claim by Mazie for remuneration on account of the $75,000.00 payment to her attorneys would have been enforceable against the estate under California law." at page 3.

In the instant case, there is no doubt that the individual plaintiff *had* a valid and enforceable claim against her mother's estate, but through inadvertence she failed to present this claim. If it had been presented to the court in accordance with the Florida statute, it would have been allowed.

In the instant case, the position of the government with respect to the estate tax payable on plaintiff's mother's estate is to be determined as of the date of death. Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed.

647; Hill v. Grissom, D.C.1924, 299 F. 641; Estate of Brockway v. C. I. R., 1952, 18 T.C. 488, affirmed 9 Cir., 1954, 219 F.2d 400. Since plaintiff possessed an enforceable claim at the time of the decedent's death, this claim should have been deductible in determining the net estate for estate tax purposes. Therefore, plaintiff's motion for summary judgment on the first cause of action is granted.

 The second cause of action involves a claim for the refund of the monetary equivalent of a tax paid to the Government of Canada on shares of stock in a Canadian corporation. It appears that plaintiff, as executrix of her mother's estate, did not claim a credit on the estate tax return for taxes in the sum of $174.61 which she paid to the Canadian Government with respect to said stock. Under a treaty between the United States and Canada, dated June 8, 1944, shares of stock in Canadian corporations held by citizens of the United States are subject to Canadian succession taxes. The tax may be credited against federal taxes in this country, and if not so credited, a refund may be obtained. The defendant-government states that it "knows of no possible defense to the asserted right to recover the said sum of $174.61, except * * * that the aforementioned refund claim of February 1956, was filed too late to entitle her to a refund."

The formal claim for refund was filed two weeks more than four years after the filing of the original return. However, the District Director of Internal Revenue was notified of the payment within said four years by the filing of a Certification of Payment of Foreign Death Duty on Form 706CE. The filing of this certificate was for the purpose of claiming a refund. Under these circumstances, I believe that the plaintiff's claim for a refund was "within four years after the filing of the return," as provided in Section 813(b) of the Internal Revenue Code of 1939, 26 U.S.

C.A. § 813(b). Accordingly, plaintiff is also entitled to summary judgment on her second cause of action.

So ordered.