ESTATE OF FRANK G. HAGMANN, DECEASED, VERONICA E. ADSHEAD, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3769–71. Filed June 25, 1973.

*Richard E. Brady* and *Gary A. H. Laursen*, for the petitioner.
*Andrew H. Weinstein*, for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $9,986.82 in the estate tax for the Estate of Frank G. Hagmann and an addition to tax under section 6651(a) of the Internal Revenue Code of 1954[1] of $2,496.71. The petitioner has conceded that she is liable for the addition to the tax under section 6651(a) to the extent of any

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

deficiency that is due. Therefore, the only issue presented for decision is whether the estate is entitled to a deduction under section 2053(a)(3) for debts which were bona fide obligations at the date of the decedent's death, but which have become unenforceable under State law and have not been and will not be paid by the estate, either directly or indirectly.

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, Veronica E. Adshead, was the decedent's wife and is the duly appointed executrix of the Estate of Frank G. Hagmann (the decedent), who died on November 8, 1965. She maintained her residence in Fort Lauderdale, Fla., at the time her petition was filed in this case. The petitioner filed a Federal estate tax return on June 24, 1968, with the director, Southeast Service Center, Chamblee, Ga.

Attached to the return was a schedule of debts of the decedent which were claimed as deductions under section 2053(a)(3). The total of such debts was $68,760. The petitioner now concedes that $14,400 of the debts are not deductible. The remaining $54,360 of such debts were bona fide obligations of the estate, but no claims with respect to such debts were filed against the estate. Such debts have not been and will not be paid by the estate, directly or indirectly.

In his notice of deficiency, the respondent disallowed the deduction claimed for such debts.

## OPINION

The only issue for us to decide is whether the $54,360 of debts are deductible under section 2053(a)(3).

Section 2053(a)(3) provides that in determining the value of the taxable estate, claims against the estate which are allowable by the laws of the jurisdiction under which the estate is being administered shall be deducted from the value of the gross estate. Section 20.2053-4 of the Estate Tax Regulations provides in part that only amounts which represent personal obligations of the decedent existing at the time of his death may be deducted as claims against the estate. Such section also provides that "Only claims enforceable against the decedent's estate may be deducted."

It is the petitioner's contention that under the doctrine set forth in *Ithaca Trust Co.* v. *United States*, 279 U.S. 151, 155 (1929), "The estate so far as may be is settled as of the date of the testator's death." Therefore, she urges that since the debts were bona fide, personal obligations of the decedent at the time of his death, they were enforceable at that time and hence are deductible under section 2053(a)(3), regardless of subsequent events.

The respondent takes the position that in determining the deductibility of a claim under section 2053(a)(3), the subsequent events must be considered. He asserts that since claims with respect to the debts were not filed against the estate in accordance with section 733.16 of the Florida Annotated Statutes (1964), the debts became void and unenforceable. In view of the facts that the claims became unenforceable, and that they have not been paid and will not be paid by the estate, the respondent argues that they are not deductible under section 2053(a)(3).

It is clear that whether or not the estate is entitled to a deduction under section 2053(a)(3) is contingent upon whether we may consider evidence of those events which transpired after the death of the decedent. In the circumstances of this case, we conclude that such events must be taken into consideration and that they require us to disallow the deduction.

*Ithaca Trust Co.* v. *United States, supra,* does hold that in determining the amount of a deduction for a charitable contribution, when such amount must be determined by use of actuarial probabilities, the deduction is to be computed on the basis of the circumstances existing at the time of death. Nevertheless, this Court and others have not been persuaded that the language in such case establishes the broad proposition that in applying the estate tax provisions, evidence of an event which occurred after the decedent's death is never admissible. *Estate of Mary Redding Shedd,* 37 T.C. 394, 397 (1961), affd. 320 F. 2d 638 (C.A. 9, 1963) ; see also *Helvering* v. *Safe Deposit Co.,* 316 U.S. 56, 65 (1942) ; *Estate of Reginald L. Taylor,* 39 T.C. 371, 375, 376 (1962), affirmed sub nom. *Gowetz* v. *Commissioner,* 320 F. 2d 874 (C.A. 1, 1963). Especially when considering the allowance of deductions resulting from claims against the estate, this Court and others have considered such evidence when it related to the enforceability of such claim. See *Estate of Mary Redding Shedd, supra;* compare *Estate of Donald Elbert Lester, Sr.,* 57 T.C. 503 (1972).

The purpose of allowing deductions from the gross estate is to assure that the tax is imposed only on the net estate, which is "what of value passes from the dead to the living." *John Jacobs et al., Executors,* 34 B.T.A. 594, 597 (1936). Accordingly, the deduction applies only to "claims presented and allowed or otherwise determined as valid against the estate and actually paid or to be paid [by such estate]." *Jacobs* v. *Commissioner,* 34 F. 2d 233, 235 (C.A. 8, 1929), affirming 9 B.T.A. 636 (1927), certiorari denied 280 U.S. 603 (1929). A claim without a claimant was never intended to be deductible in computing the estate. *Jacobs* v. *Commissioner, supra* at 235. Consequently, if the estate was subject to a claim as of the date of the decedent's death, but during the period of administration such claim was

waived so that it did not exist at the time the estate tax return was filed, it has been stated that no deduction can be allowed. *Estate of Reginald L. Taylor, supra* at 377. To allow a deduction for a claim that becomes unenforceable and is not paid would exalt form over substance. *Commissioner* v. *Shively's Estate*, 276 F. 2d 372 (C.A. 2, 1960), reversing a Memorandum Opinion of this Court; *John Jacobs et al., Executors, supra* at 597.

In determining the deductibility of claims under section 2053(a) (3), the courts have generally taken into consideration the events occurring subsequent to the decedent's death. When the estate of a decedent was liable to make periodic payments to the widow of the decedent until she remarried, the courts have taken into consideration whether she remarried before the filing of the estate tax return in determining the amount of the claim deductible with respect to such liability. *Commissioner* v. *Shively's Estate, supra; Commissioner* v. *State Street T. Co.*, 128 F. 2d 618 (C.A. 1, 1942), modifying *Estate of Frances Browne Grinnell*, 44 B.T.A. 1286 (1941); *Estate of Reginald L. Taylor, supra.* Similarly, in *Jacobs* v. *Commissioner, supra*, the court limited the allowable deduction after it looked to an election made by the decedent's wife during the period of administration. In *Estate of William P. Metcalf*, 7 T.C. 153 (1946), and *John Jacobs et al., Executors, supra*, this Court limited the allowable deduction resulting from a claim for State taxes where, after the decedent's death, such claim was compromised through judicial proceedings or was relinquished by the State. Where the decedent was a guarantor or surety for the debts of another, events which occurred after the decedent's death and which affected the estate's secondary liability were considered by the courts. *Buck* v. *Helvering*, 73 F. 2d 760 (C.A. 9, 1934), reversing and remanding per curiam 25 B.T.A. 780 (1932); *Estate of Ethel M. DuVal*, 4 T.C. 722 (1945), affd. 152 F. 2d 103 (C.A. 9, 1945), certiorari denied 328 U.S. 838 (1946); *Estate of Charles H. Lay*, 40 B.T.A. 522 (1939); *Percy B. Eckhart, Executor*, 33 B.T.A. 426 (1935), appeal dismissed per curiam 91 F. 2d 1010 (C.A. 7, 1937).

In the case before us, the debts were bona fide and valid claims against the decedent at death. However, section 733.16 of the Florida Annotated Statutes (1964) provides in part:

733.16 Form and manner of presenting claims; limitation

(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated * * * shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post-office address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six months from the time of the first publication of the notice to creditors shall be void even though the personal

representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * * *

Since no claims with respect to the debts were filed in accordance with such statute, the debts became void and unenforceable under Florida law. *Twomey* v. *Clausohm*, 234 So. 2d 338 (Fla. 1970). Moreover, such debts have not been and will not be paid by the estate. In these circumstances, no deduction can be allowed for such debts. *Commissioner* v. *Shively's Estate, supra; Jacobs* v. *Commissioner, supra* at 34 F. 2d 233; *Estate of Reginald L. Taylor*, 39 T.C. 371 (1962); *Estate of Mary Redding Shedd*, 37 T.C. 394 (1961); *John Jacobs et al., Executors, supra.*

The petitioner argues that when the courts have considered events subsequent to death, it has been because the claim was contingent; whereas, she asserts that the claim in this case was fixed as of the time of the decedent's death. However, such argument is based on too narrow a reading of the cases. Such cases are based on the proposition that in computing the net estate subject to taxation, merely technical claims which disappear in the light of subsequent circumstances should not be allowed; the courts have rejected a sophisticated reading of the statute and have held that claims without substance cannot reduce the estate subject to taxation. *John Jacobs et al., Executors*, 34 B.T.A. at 597; see also *Commissioner* v. *Shively's Estate*, 276 F. 2d at 375; *Jacobs* v. *Commissioner*, 34 F. 2d at 235.

In reaching our conclusion, we must respectfully disagree with the rationale expressed in *Russell* v. *United States*, 260 F. Supp. 493 (N.D. Ill. 1966), and *Winer* v. *United States*, 153 F. Supp. 941 (S.D. N.Y. 1957), both of which were cited by the petitioner. In such cases, the courts applied the broad doctrine of *Ithaca Trust Co.*, without considering the cases which limited the applicability of such doctrine in the area of claims against the estate.

Reviewed by the Court.

*Decision will be entered for the respondent.*