ESTATE OF CELIA GOSCH, HARRY M. GOSCH, EXECUTOR, LAWRENCE S. GOSCH, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Gosch v. Commissioner
Docket No. 7105-73.
United States Tax Court
T.C. Memo 1976-82; 1976 Tax Ct. Memo LEXIS 326; 35 T.C.M. (CCH) 353; T.C.M. (RIA) 760082; March 16, 1976, Filed Richard J. Mandell, for the petitioner. J. S. Hamelburg and Richard S. Kestenbaum, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined an estate tax deficiency in the amount of $4,341.40. All other issues having been conceded, the only remaining *327 matter in controversy is whether a debt owed by the decedent at the time of her death based on a $10,000 demand note is deductible under section 2053(a)(3), I.R.C. 1954. All of the facts have been stipulated. Cellia Gosch ("decedent") died testate on August 12, 1970. At the time of her death she resided in Bal Harbour, Florida. Her sons, Harry M. Gosch and Lawrence S. Gosch, were duly appointed executors of her will. At the time the petition was filed herein, Harry M. Gosch resided in Portchester, New York, and Lawrence S. Gosch resided in New Rochelle, New York. The decedent was survived by three adult children, her sons, Harry and Lawrence, and her daughter, Barbara Laner. In her will, she bequeathed her entire estate to these children in equal shares. On or about November 13, 1968, nearly two years before her death, the decedent executed a promissory demand note in the amount of $10,000 payable to the order of Dorothy Reiskin in New Rochelle, New York. On July 31, 1970, the decedent forwarded two checks to Dorothy Reiskin, one, in the amount of $5,000, representing a principal payment on the note, and the other, in the amount of $160, representing interest to July 31, 1970. These *328 checks were deposited by Dorothy Reiskin but did not clear the decedent's bank, City National Bank of Miami Beach, Florida, because they were not presented to it until after the decedent had died. The executors of decedent's will were granted letters testamentary by the County Judge's Court, Dade County, Florida, on September 1, 1970. Later in that month, in response to written demands made by Dorothy Reiskin's attorneys, the executors remitted $10,242 in full payment of principal and interest that had accrued on the note. No claim was filed in the "Probate Court of Florida" in respect of the note. On the Federal estate tax return filed August 6, 1971, the executors reported a gross estate, valued at date of death, in the amount of $160,533.51, and claimed deductions from this amount totalling $22,162.78. Among the deductions thus claimed was an item of $10,242 in respect of the Dorothy Reiskin note, which was listed as a debt of the decedent. In his deficiency notice, the Commissioner determined that "the amount of $10,242.00 paid to Dorothy Reiskin is not allowable as a deduction from the gross estate because the debt was not an enforceable claim against the estate under the *329 applicable state law." Although petitioner's position would appear superficially to be unassailable, we find that we must reluctantly sustain the Commissioner's determination. Section 2053 of the Internal Revenue Code provides that for purposes of the Federal estate tax, "the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts -- * * * (3) for claims against the estate * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." And it has been made clear that under these provisions deductions are allowable only in respect of those claims that are enforceable against the estate according to the law of the jurisdiction under which the estate is administered. Sec. 20.2053-4, Estate Tax Regs.; cf. Estate of Frank G. Hagmann,60 T.C. 465, 468-469, affirmed per curiam, 492 F. 2d 796 (C.A. 5); Estate of Anna Lewis,49 T.C. 684, 687. It is not disputed that the debt here in issue was a valid debt owed by decedent at the time of her death, nor that the debt was subsequently paid by her executors. But those facts alone *330 do not necessarily establish that the debt was an enforceable claim against decedent's estate. Events occurring after a decedent's death may preclude the enforcement of an otherwise valid claim against his estate. In such circumstances the claim would not be deductible under section 2053. Estate of Frank G. Hagmann,supra; cf. Commissioner v. Shively's Estate,276 F.2d 372 (C.A. 2).[1]
Like other states, Florida imposes limitations on the enforceability of otherwise valid claims against a decedent's estate. For estates such as the decedent's, the administration of which began in September 1970, the pertinent Florida statute provides as follows: 733.16 Form and manner of presenting claims; limitation
*331 (1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six (6) months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * * * (Emphasis supplied.) As these provisions plainly indicate, under Florida law no claim is enforceable against an estate unless timely filed in the office of the appropriate county judge. Moreover, the Florida Supreme Court has interpreted *332 these provisions as precluding the decedent's personal representative from being allowed credit in his final accounting for any unfiled but otherwise valid claims which he has in fact paid, even where such payment occurred prior to the expiration of the six month period [2] for filing claims. Twomey v. Clausohm,234 So. 2d 338 (Fla.). And in its opinion in Twomey v. Clausohm the court stated that "the Legislature clearly and pointedly tells us, as well as personal representatives, that the required filing of claims cannot be waived." 234 So. 2d at 341. Accordingly, since no claim, timely or otherwise, was filed in this case, the obligation on the Reiskin note became void under section 733.16, and, in accord with the Florida Court's holding in Twomey v. Clausohm, the fact that the executors made payment on the note is wholly irrelevant. *333 Petitioner seeks escape from the unhappy consequences of the foregoing Florida statutory provisions by relying upon a 1973 amendment to section 733.16, which, interalia, added the following language to the statute: However, the personal representative may settle in full or in part any legal claim without the necessity of said claim being filed by the creditor, when the settlement has been approved by the heirs or beneficiaries adversely affected or accounted for in accountings to the court, and when the settlement is made within the statutory time for filing claims; * * * Unfortunately for petitioner, the Florida legislature explicitly stated that this and other amendments then made to section 733.16 "shall not be applicable to any estate the administration of which was commenced prior to October 1, 1973." Act of June 6, 1973, ch. 73-106, sec. 5, Fla. Laws 166. [3] The 1973 amendment is therefore of no help to petitioner. [4]
*334 Petitioner has relied heavily upon Rev. Rul. 75-24, 1975-1 C.B. 306, where it was stated, in connection with a Mississippi statute that was similar to the Florida provisions herein, that informal presentation of a claim to the executor followed by payment within the statutory period was sufficient to qualify for the deduction under section 2053 of the Code. However, petitioner has ignored the companion ruling in Rev. Rul. 75-177, 1975-1 C.B. 307, involving the Florida statute itself. This second ruling pointed out the difference between Florida cases governed by the statutes of that state prior to the 1973 amendment and such cases arising under the amendatory provisions. Thus, it held that although an unprobated claim against a Florida decedent paid by the executors might qualify for deduction under section 2053 in cases of estates the administration of which began on or after October 1, 1973, no such deduction was allowable where administration of the estate began prior to that date. In so concluding, it properly relied upon the controlling criteria established by the highest court of Florida in Twomey v. Clausohm as it applied to cases governed *335 by Florida law prior to the 1973 amendment. Although the result may appear to be harsh in this case, we can find no escape from it in view of the Florida statute and the authoritative interpretation of it by the Supreme Court of that state. Our holding is, of course, limited to those estates the administration of which began prior to October 1, 1973. A different and more reasonable result could be reached in cases governed by the later statutory provisions. Decision will be entered for the respondent.
Footnotes
1. Petitioner has relied on Winer v. United States,153 F. Supp. 941 (S.D. N.Y.), which holds otherwise. However, the Second Circuit has expressly disagreed with the reasoning of that case ( Commissioner v. Shively's Estate,supra, 276 F. 2d at 374-375), and the Winer rationale has also been rejected by this Court in Estate of Frank G. Hagmann,supra,60 T.C. at 469↩.
2. The six-month period begins to run upon the "first publication of the notice to creditors". The record does not show when such notice was first published in this case. However, the burden of proof is upon petitioner, and we may fairly assume that such notice was published here no later than shortly after the beginning of the administration of the estate on September 1, 1970, as is generally the case in such situations.↩
3. Section 733.16 was subsequently repealed in connection with the enactment of a new probate code effective July 1, 1975. Florida Stat. Ann. ch. 731-735↩ (West Special Pamphlet 1975). We do not understand petitioner to rely upon any provisions in this new legislation. 4. oreover, even if otherwise applicable, the record herein fails to establish that the conditions of the 1973 amendment were satisfied. While it may be assumed that the executors, who, as beneficiaries of the decedent's will, approved their payment of the Reiskin debt, there is no such evidence in the record as to approval by the third beneficiary, Barbara Laner. To be sure, petitioner has attached to its brief an "exhibit", in which Barbara Laner purports to confirm and consent to the executors' payment of the debt. However, not only is that "exhibit" not part of the record in this case (cf. Rule 143(b), Tax Court Rules of Practice and Procedure↩), but it in any event is dated January 21, 1972, long after the payment made by the executors and after the six month statutory period had expired.