ESTATE OF BESSIE L. THOMPSON, DECEASED, TERRENCE R. MOSES, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1231–78.    Filed July 28, 1980.

*Lawrence A. Jegen III*, for the petitioner.
*Rodney J. Bartlett*, for the respondent.

BRUCE, Judge: Respondent determined a deficiency of $12,724.07 in the Federal estate tax of the Estate of Bessie L. Thompson. The entire deficiency results from respondent's disallowance of a deduction from the gross estate, claimed by petitioner under section 2053,[1] of a claim against the estate in the amount of $50,000.[2] The issue presented for our decision is whether petitioner is entitled to a deduction from the gross estate for the amount of a debt owed by the decedent during her lifetime, for which no formal claim was filed during the claims period provided by local law, but which was satisfied subsequent to that claims period.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Bessie L. Thompson died on June 10, 1974, a legal resident of Frankfort, Clinton County, Ind. Terrence R. Moses, decedent's grandson and executor of her estate, was a legal resident of Indianapolis, Ind., when the Federal tax return was filed for petitioner.

On September 4, 1974, the decedent's will was admitted to probate in the Clinton County Circuit Court. Notice to creditors of the estate was published by the executor on September 18, 1974. Pursuant to Indiana law,[3] the 6-month period for filing creditors' claims against the petitioner expired March 18, 1975.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended and in effect at the time of decedent's death, unless otherwise noted.

[2] One other adjustment in the notice of deficiency, unrelated to the issue presented here, reduced the taxable estate and is not contested by petitioner. Therefore, a decision under Rule 155, Tax Court Rules of Practice and Procedure, would be necessary for evaluation of petitioner's liability or refund, should we decide the issue presented in petitioner's favor.

[3] Since the estate was administered in Indiana, Indiana law governs. Sec. 2053(a); sec. 20.2053–1(a)(1), Estate Tax Regs. The relevant Indiana statute, as in effect in 1974, reads as follows:

Ind. Code Ann. sec. 29–1–14–1 (Burns 1972)

"Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected—Tort claims against estate.—(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and

On May 28, 1974, the decedent borrowed $50,000 from the Clinton County Bank & Trust Co. (hereinafter the bank) for which she executed a promissory note at 8½-percent simple annual interest with a due date of May 28, 1975. The bank did not file a claim against the petitioner for this amount with the Clinton County Circuit Court prior to the claims period expiration date of March 18, 1975. Nevertheless, on May 30, 1975, the executor executed on behalf of petitioner a promissory note in the amount of $54,332.64 at 9-percent simple annual interest due on May 30, 1976. The proceeds of this note were applied by the bank in full payment of the principal and accrued interest of the note executed by decedent on May 28, 1974.

Subsequent notes, for the corresponding amounts shown, all at 9-percent simple interest and all with 1-year maturity dates, were executed by the executor on behalf of petitioner, as well.

| Date of note | Amount of note | Amount of check |
|---|---|---|
| May 28, 1976 | $54,332.64 | $4,930.69 |
| May 28, 1977 | 50,000.00 | 9,276.91 |
| May 26, 1978 | 50,000.00 | 4,514.55 |

The proceeds of each of these notes were applied to the principal and interest of the immediately preceding note along with checks from the petitioner for the payment of unpaid principal, if any, and accrued interest on the preceding note, as shown above. In this way, the principal and interest of each note were satisfied upon the date of execution of the succeeding note.

On June 27, 1979, the Clinton County Circuit Court granted an order, pursuant to a joint petition to that court by the bank and the executor, providing that the principal and accrued interest of the note executed on May 26, 1978, be paid by petitioner. The amounts due on that note were paid in full on June 28, 1979.[4]

---

of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors."

[4]Other notes executed by the executor were for $10,000 on Mar. 7, 1975, for 1 year, and for $5,000 on June 5, 1975, for 6 months, both at 9-percent simple annual interest. The two notes

In its Federal estate tax return, filed on March 7, 1975, petitioner listed the original note, executed by decedent on May 28, 1974, as a deductible claim against the decedent's estate pursuant to section 2053. Petitioner contends that the execution of the subsequent promissory notes on the behalf of petitioner was a compromise of the original debt claim, pursuant to an oral agreement between the bank and the executor reached prior to the expiration of the creditors claims period on March 18, 1975.

On November 28, 1977, the respondent issued a notice of deficiency in which the respondent disallowed the deduction as not within the concept of section 2053. Respondent determined that no deduction for a claim against the estate was allowable since no formal claim was filed timely by the bank against the estate for the amount of the original note.

## OPINION

Section 2053(a)(3) provides for a deduction from the gross estate, in the determination of the taxable estate, of the amounts of those claims against the estate which represent personal obligations of the decedent at the time of her death. However, the deduction is limited to those claims which are allowable under the laws of the jurisdiction in which the estate is administered. Sec. 2053(a); sec. 20.2053–1(a)(1), Estate Tax Regs. Since the estate was administered in Indiana, Indiana law governs. The effect upon the debt obligation in question of events subsequent to decedent's death will be examined pursuant to Indiana law to determine the validity of the claim, and, thus, its deductibility. *Estate of Courtney v. Commissioner*, 62 T.C. 317 (1974); *Estate of Hagmann v. Commissioner*, 60 T.C. 465 (1973), affd. per curiam 492 F.2d 796 (5th Cir. 1974); *Estate of Shedd v. Commissioner*, 37 T.C. 394 (1961), affd. 320 F.2d 638 (9th Cir. 1963); cf. *Estate of Lewis v. Commissioner*, 49 T.C. 684 (1968).[5]

were both paid by the estate in full, including accrued interest, by check on June 27, 1975. The proceeds of these notes were not involved in the satisfaction of the notes discussed above. The Mar. 7, 1975, note was executed specifically to obtain funds to pay Federal estate taxes due that day.

[5]These cases contradict the rationale expressed in *Russell v. United States*, 260 F. Supp. 493 (N.D. Ill. 1966), and *Winer v. United States*, 153 F. Supp. 941 (S.D. N.Y. 1957), both of which were cited by the petitioner. In those two cases, the courts applied the doctrine of *Ithaca Trust Co. v. United States*, 279 U.S. 151 (1929), also cited by petitioner, which dealt with charitable contribution deductions, holding that an estate is settled, as far as practical, as of the date of

Under Indiana law,[6] the claims of creditors against the estate must be filed within the period of 6 months from the date of the first published notice to creditors. Any claims not filed within that period are forever barred. Ind. Code Ann. sec. 29–1–14–1 (Burns 1972). However, prior to the expiration of this 6-month period, the personal representative of a solvent estate may pay any claims he believes just and correct, regardless of whether such claims have been filed by that time. Ind. Code Ann. sec. 29–1–14–19 (Burns 1972). He may similarly compromise such obligations, but such compromise must be consummated within the 6-month claims period and be authorized previously or approved subsequently by the probate court. Ind. Code Ann. sec. 29–1–14–18 (Burns 1972).

Section 29–1–14–1 is not a statute of limitations, but is a nonclaim statute which imposes a condition precedent to enforcement of a claim against the estate and precludes recovery when the condition is not met. *Woods v. Klobuchar*, 257 F.2d 313 (7th Cir. 1958); *Rising Sun State Bank v. Fessler*, ___ Ind. App. ___ , 400 N.E.2d 1164 (1980); *Donnella v. Crady*, 135 Ind. App. 60, 185 N.E.2d 623 (1962), transfer denied 244 Ind. 205, 191 N.E.2d 499 (1963). Therefore, the only remedies open to a claimant are those provided by statute. *In re Estate of Ropp*, 142 Ind. App. 1,

---

decedent's death. We have rejected the application of that doctrine in the area of claims against the estate in the past. *Estate of Hagmann v. Commissioner*, 60 T.C. 465 (1973), affd. per curiam 492 F.2d 796 (7th Cir. 1974). Petitioner cites *Greene v. United States*, 447 F. Supp. 885 (N.D. Ill. 1978), as a recent case in which the *Ithaca Trust* doctrine was applied in analysis of a claim against an estate. Nevertheless, we will continue to follow our prior decisions and reiterate our rejection of the rationale of *Russell*, *Winer*, and *Greene*. Events subsequent to the date of death are necessarily examined under the concept of sec. 2053.

[6]Pertinent Indiana statutes, as in effect in 1974, are set forth below. See also n. 3 *supra*.
Ind. Code Ann. sec. 29–1–14–18 (Burns 1972).
"Compromise of claims.—The personal representative may, if it appears for the best interests of the estate, compromise any claim against the estate, whether due or not due, absolute or contingent, liquidated or unliquidated, but if such claim is not filed such compromise must be consummated within six [6] months after the date of the first published notice to creditors. In the absence of prior authorization or subsequent approval by the court, no compromise shall bind the estate."
Ind. Code Ann. sec. 29–1–14–19 (Burns 1972).
"Payment of claims.—(a) At any time the personal representative shall pay such claims as the court shall order, provided such claims are filed within six [6] months after the date of the first published notice to creditors, and the court may require bond or security to be given by the creditor to refund such part of such payment as may be necessary to make payment in accordance with provisions of this [Probate] Code.
"(b) Prior to the expiration of six [6] months after the date of the first published notice to creditors, the personal representative, if the estate clearly is solvent, may pay any claims which he believes are just and correct, whether or not such claims have been filed. * * * "

232 N.E.2d 384 (1968). Equitable rules of waiver or estoppel do not apply, and nonclaim statutes may not be extended by disability, fraud, or misconduct. *In re Estate of Ropp, supra; Donnella v. Crady, supra.* When the claims period has expired without a particular claim being filed, paid, or compromised, that claim is forever barred.

Clearly, no claim for payment of the decedent's note was filed by the bank against the estate within the claims period, nor was payment of the note made during this time. Therefore, the note executed by decedent on May 28, 1974, would be a valid claim against the estate only by way of a valid compromise of that obligation by the executor with the bank prior to March 18, 1975. Petitioner claims that the note executed on May 30, 1975, by the executor, as well as the subsequent notes executed in succession, were the result of an oral agreement of compromise between the executor and the bank, reached sometime during the claims period prior to March 7, 1975. No specific date for the alleged agreement was given.

Even if we accept petitioner's argument and supporting testimony[7] on the oral agreement of compromise, we cannot find that the agreement was a valid compromise of a claim against the estate consummated within the claims period under Indiana law.

Indiana courts have strictly construed the nonclaim statute provisions. An out-of-State claimant did not escape the strict 6-month claims period provisions. *Woods v. Klobuchar, supra.* The failure of an executor's attorney to keep his promise to forward the claim of a trusting claimant to the executor did not validate the otherwise unfiled claim. *Donnella v. Crady, supra.* In a situation somewhat resembling that of the instant case, an oral promise from an executrix to pay an obligation of an estate was held unenforceable, even though the promise was in response to an oral claim made within the 6-month claims period. *In re Estate of Ropp, supra.* In *Ropp,* the court held that any oral

---

[7]Respondent argues under the parol evidence rule that since the note executed by the executor on May 30, 1975, was a complete written document, the terms should not be expanded or contradicted by oral testimony. In deciding the validity of the claim against the estate, we find, even assuming the facts in petitioner's favor, that the claim does not survive the statutory claims period. Since we decide the issue on another level, we need not, and do not here, determine the admissibility of petitioner's evidence as to the alleged oral compromise agreement.

transactions concerning claims against the estate were not binding, since no provision was made in the nonclaim statute for the oral allowance or disallowance of claims; the provisions for claims against estates were found to be exclusive of all methods not specifically listed therein. *In re Estate of Ropp, supra* at 387.

We do not see a distinguishing difference between the facts in *Ropp* and the facts in the instant case. Instead of an oral promise to pay, the instant situation involves an alleged oral agreement of compromise by which an obligation of the estate itself would be substituted for the decedent's obligation. The substitution took place after the claims period expired. It is presumed the alleged compromise was reached under the assumption that the subsequent obligation of the estate would be paid eventually. Thus, the instant case is merely the set of facts in *Ropp* with a deferral of the orally promised payment. We cannot find that this deferral would create a completely different result under the provisions of Indiana law as strictly construed by the courts.[8]

To reflect the foregoing, we find that, under Indiana law, there was no valid compromise within the 6-month claims period of the note executed by decedent on May 28, 1974. Therefore, the claim against the estate for that obligation was not valid under Indiana law and, thus, is not deductible under section 2053(a)(3).

*Decision will be entered for the respondent.*

---

[8]On June 27, 1979, the Clinton County Circuit Court directed payment of the principal and interest on the note executed by the executor on May 26, 1978. Nevertheless, in light of the holding against the oral allowance or disallowance of claims as stated by the Appellate Court of Indiana in *Ropp*, we do not find persuasive the implicit approval of the alleged oral compromise by the Clinton County Circuit Court.