**Russell C. WILDER, Executor of the Estate of Challace H. Manley, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. C 80–291.

United States District Court, N.D. Ohio, W.D.

Sept. 20, 1983.

James Miller, Toledo, Ohio, for plaintiff.

Jason Green, Dept. of Justice, Washington, D.C., for defendant.

OPINION AND ORDER

POTTER, District Judge:

This matter is before the Court on cross motions for summary judgment filed by the parties. Plaintiff brought this action for an estate tax refund of $4,073.25 plus interest as provided by law for an estate tax return filed November 15, 1976. The estate involved is that of Challace Manley who died in February of 1976. Mr. Manley and his wife LuLu, who died in 1969, owned a farm scheduled as Parcel A in Mr. Manley's federal estate tax return.

In 1959 the plaintiff, who is Mr. Manley's stepson, entered into a contract with Mr. Manley wherein plaintiff agreed to provide all labor and materials to repair and remodel a structure located on Parcel A. In exchange, plaintiff received a promissory note from Mr. Manley for $11,135.77, which was the total cost plaintiff incurred. The note was to bear no significant interest and was payable at Mr. Manley's death.

Mr. Manley's will named plaintiff as executor of his estate. Plaintiff applied for and was granted letters testamentary to administer the estate on March 15, 1976. All claims against the estate including plaintiff's promissory note were listed in the schedule of claims required by O.R.C. § 2117.16. This schedule of claims was filed with and approved by the Lucas County Court of Common Pleas Probate Division on August 11, 1976. All claims were paid.

On November 26, 1976 plaintiff filed with the Probate Court a fiduciary's account as required by O.R.C. § 2109.30. On January 7, 1977 the Probate Court approved the account. At the time, plaintiff's counsel failed to follow the additional filing requirement of O.R.C. § 2117.02. This section provides in pertinent part as follows:

An executor or administrator within three months after the date of his appointment shall present any claim he has against the estate to the probate court for allowance. The claim shall not be paid unless allowed by the court.

Plaintiff's claim on the promissory note did, however, appear on the schedule of claims which was approved by the Probate Court.

On November 12, 1976, plaintiff filed the estate's federal estate tax return and remitted to the Government taxes in the amount of $250,423.08. Payment of the promissory note was reported as a deduction in Schedule K.

On May 27, 1977, plaintiff was notified that the Internal Revenue Service intended to disallow the deduction. Plaintiff, after exhausting his administrative remedies, paid the alleged deficiency plus interest on the amount of $4,073.25. Plaintiff then filed this action seeking a refund.

The sole issue presented by the parties' motions for summary judgment is whether a deduction for the amount of the promissory note is allowable under the provisions of 26 U.S.C. § 2053(a)(3). This section provides in pertinent part as follows:

> (a) General rule.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—
>
> (1) for funeral expenses,
> (2) for administration expenses,
> (3) for claims against the estate, and
> (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,
>
> as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

Plaintiff has raised another issue in his motion for summary judgment. This issue concerns the question of whether the promissory note was bona fide and for adequate consideration. Defendant does not dispute this issue. The Court will therefore turn to the issue of whether a deduction is allowable for the promissory note under the provisions of 26 U.S.C. § 2053(a)(3).

As plaintiff points out, there are two lines of authority on the issue raised in the case sub judice. Some courts have adopted the position taken by the plaintiff. See *Ithaca Trust Company v. United States*, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929); *Russell v. United States*, 260 F.Supp. 493 (N.D.Ill.1966); *Winer v. United States of America*, 153 F.Supp. 941 (S.D.N.Y.1957). Other courts have taken the position of defendant. *Gowetz v. Commissioner*, 320 F.2d 874 (1st Cir.1963); *Commissioner v. Estate of Shively*, 276 F.2d 372 (2nd Cir.1960); *Jacobs v. Commissioner*, 34 F.2d 233 (8th Cir.1929). Two recent decisions support plaintiff's position. In a case decided by the Ninth Circuit Court of Appeals, *Propstra v. United States*, 680 F.2d 1248 (9th Cir.1982), the court interpreted the provisions of 26 U.S.C. § 2053(a). The court in *Propstra* considered the legislative history of 26 U.S.C. § 2053, the applicable treasury regulations, revenue rulings and case law, and determined that post death events should be disregarded in valuing certain enforceable claims against the estate.

In another recent decision, *Greene v. United States*, 447 F.Supp. 885 (N.D.Ill. 1978), the court reached the same conclusion. The court in *Greene* indicates as follows:

> The decedent transfers his obligations along with his assets and, as a matter of fairness as well as administrative convenience, the determination whether an obligation exists in the estate should be made at the time of death. Moreover, we see little to commend a policy which encourages nonpayment of debts and penalizes an estate which honors the decedent's obligations. We think that in the instant situation, where we have found at least some of the debts to have been valid and enforceable at the time of decedent's death, where payments were in

fact made by the estate within a reasonable time after the decedent's death, although concededly subsequent to the formal claims period and prior to the filing of such claims by the creditors, and where the claims were eventually allowed in full by the state probate court, the interpretation of *Ithaca Trust,* as expounded by *Winer* and *Russell,* is the correct one, and we hold that decedent's obligations, insofar as they were enforceable at the time of his death and were allowed and paid are deductible under § 2053. Footnote omitted.

*Greene v. United States, supra,* at 894.

The Court finds that the reasoning of the courts in *Propstra* and *Greene* is persuasive. Therefore, the Court concludes that the debt owed by Mr. Manley at his death to plaintiff was valid and enforceable. Because this debt was valid and enforceable, the amount of the debt was deductible.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, GRANTED; and it is

FURTHER ORDERED that defendant's motion for summary judgment be, and it hereby is, DENIED.